IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABHIJIT PRASAD,<br><br>    Plaintiff,<br><br>v.<br><br>BRAM FRIDHANDLER,<br><br>    Defendant. | Case No. 17-cv-06226-CRB<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Dr. Bram Fridhandler moves to dismiss a complaint in which Plaintiff Abhijit Prasad alleges a multitude of claims arising out of child-custody proceedings in state court. The Court lacks jurisdiction over all but two of Mr. Prasad's claims, and the two claims over which it retains jurisdiction fail on other grounds. Accordingly, the Court GRANTS the motion.

**1.** Mr. Prasad brings claims under 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 1962, alleging, inter alia, that the state wrongfully terminated his parental rights, that Dr. Fridhandler lied and obstructed justice during the state-court proceedings, that Dr. Fridhandler committed fraud, that Dr. Fridhandler spoliated evidence, and that judges in the state-court system conspired with other state actors against Mr. Prasad. These claims all complain of harm that was allegedly inflicted during the state child-custody proceedings. Accordingly, they are all barred by the Rooker-Feldman doctrine. See Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003) ("[W]hen the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court," the action is a forbidden de facto appeal under Rooker-Feldman.).

**2.** Mr. Prasad lacks standing to bring a claim under the Lanham Act because he has not alleged (and indeed cannot allege) that he was injured by any deception by Dr. Fridhandler, given that it was the state court, and not Mr. Prasad, that selected Dr. Fridhandler to conduct the child-custody evaluation. See Lexmark Int'l, Inc. v. Static Control Components, Inc., —U.S.—, 134 S. Ct. 1377, 1395 (2014).

**3.** Mr. Prasad has failed to state a claim under the False Claims Act against Dr. Fridhandler because he has not plausibly alleged that Dr. Fridhandler defrauded the federal government. See 31 U.S.C. § 3729(a)(1). Dr. Fridhandler's fees were paid from Mr. Prasad's treasury, not the United States'.

**4.** The Court declines to exercise supplemental jurisdiction over any remaining state-law claims. See 28 U.S.C. § 1367(c). And while Mr. Prasad sprinkles a number of other allegations throughout his complaint, the Court construes the complaint to raise only the allegations specifically mentioned in this order. Mr. Prasad is entitled to liberal construction of his complaint, but by the same token Dr. Fridhandler is entitled to adequate notice. See Fed. R. Civ. P. 8.

Mr. Prasad's Lanham Act and False Claims Act claims are dismissed **WITH PREJUDICE**. The remaining claims are dismissed **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE TO RE-FILING IN STATE COURT**.

**IT IS SO ORDERED.**

Dated: April 11, 2018

CHARLES R. BREYER
United States District Judge